■ In the Matter of EILEEN BAUGH, Petitioner, v HENRY J. STERN, as Commissioner of Parks and Recreation of the City of New York, et al., Respondents.—Determination of respondent Commissioner of Parks, dated November 15, 1985, which terminated petitioner as a park service worker, is unanimously confirmed, petition denied, and the proceeding, brought pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, New York County [Bruce McM. Wright, J.], entered Mar. 15, 1989), is dismissed, without costs.

There is substantial evidence to support respondent's findings that petitioner had excessive absences and failed to properly follow leave requirements. *(See, Matter of Berenhaus v Ward,* 70 NY2d 436.) Specifically, petitioner absented herself from her duties as a parks maintenance crew member for approximately one half of her work days during 1984, and continuously from November 1984 through February 1985, without having requested or obtained permission. In light of this record, we conclude that the penalty of dismissal is not so disproportionate to the offense as to shock one's conscience. *(See, Matter of Pell v Board of Educ.,* 34 NY2d 222.)

Petitioner's challenges to her February 1984 reassignment from a clerical position at the permit office to maintenance work at two city parks are time barred. *(See,* CPLR 217; *Rodriquez v City of New York,* 55 AD2d 532.) Similarly time barred is petitioner's challenge to respondent's Department Resolution 77-32, which reclassified her former civil service title from that of "Ticket Agent" to that of "Park Service Worker". Petitioner received notice of the reclassification in

1978, but did not commence the instant proceeding until March 14, 1986. *(See, Lenihan v City of New York,* 58 NY2d 679; *Morelli v City of New York,* Sup Ct, NY County [Schwartz, J.], Oct. 31, 1978, *affd* 68 AD2d 1018.)

We have considered petitioner's remaining arguments on appeal, and find them to be without merit. Concur—Murphy, P. J., Ross, Rosenberger, Kassal and Wallach, JJ.