[662 NYS2d 462]

CITY OF NEW YORK, Respondent, v CROSS BAY CONTRACTING CORP. et al., Respondents, and COLONIA INSURANCE COMPANY, Appellant, et al., Defendants.

First Department, September 16, 1997

APPEARANCES OF COUNSEL

*Joseph P. Asselta* of counsel, Rockville Centre *(Goldberg & Connolly,* attorneys), for appellant.

*Timothy J. O'Shaughnessy* of counsel, New York City *(Kristin M. Helmers* on the brief; *Paul A. Crotty, Corporation Counsel* of New York City, attorney), for respondent.

*Steven Koton* of counsel, New York City *(Daniel F. DeVita* and *Dennis C. Vacco, Attorney-General,* attorney), for Commissioner of Labor of State of New York, respondent.

*Kathleen M. Riedy,* New York City, and *Gideon A. Schor* of counsel *(Mary Jo White, United States Attorney* for Southern District of New York, attorney), for United States of America, respondent.

## OPINION OF THE COURT

SULLIVAN, J.

The primary question on this appeal is whether a surety which has made payment under a payment bond issued in connection with a public improvement project is subrogated to the rights of the owner, the obligee under the bond, to contract

funds it has withheld and entitled to priority over all other claimants to the withheld funds.

On or about May 18, 1992, the New York City Department of Sanitation (DOS) awarded a contract to Cross Bay Contracting Corp. for construction work at the Fresh Kills Landfill in Staten Island, New York. In connection with the contract, defendant Colonia Insurance Company issued a payment bond and a performance bond on behalf of Cross Bay, its principal, and the City, as obligee. The payment bond guarantees prompt payment by Colonia to all persons supplying materials and performing labor under the contract in the event of a default in payment by Cross Bay.

The City terminated the contract "for convenience" in September 1993, after work had commenced, and notified Cross Bay that all work was to end by October 20, 1993. After Cross Bay defaulted in making payment to a number of creditors, Colonia, between March and December of 1994, made payments under the payment bond to three subcontractors and a union benefits fund in the total sum of $127,631.29. In addition, a number of subcontractors filed liens and restraining notices against the City for amounts due from Cross Bay for labor performed and materials furnished under the contract. The New York State Commissioner of Labor also filed restraining notices against the City for sums owed by Cross Bay under Labor Law § 573 (2) (Unemployment Insurance Law), and the United States Internal Revenue Service served a notice of levy against the City in connection with taxes owed by Cross Bay.

Additionally, certain laborers who had performed work for Cross Bay under various public improvement contracts, including the Fresh Kills Landfill contract, filed complaints with the Office of the City Comptroller, alleging that Cross Bay had failed to pay them the prevailing rate of wages and supplements in violation of the Labor Law. On January 4, 1994, the Comptroller issued a "STOP PAYMENT ORDER" directing the City to withhold $100,000 in payment to Cross Bay on the Fresh Kills project pending a determination as to whether Cross Bay was in violation of section 220 of the Labor Law.

Thereafter, in November 1994, Cross Bay and Colonia brought a CPLR article 78 proceeding against the City, DOS and the Comptroller seeking, *inter alia*, to compel the payment of sums allegedly due under the Fresh Kills contract. That proceeding was disposed of, on or about February 22, 1995, by a stipulation of settlement whereby the City defendants agreed, *inter alia*, "to make prompt payment in [the] amount of

$171,917.38 to Colonia upon the satisfaction, discharge, release or cancellation of all those valid liens, levies, restraints and encumbrances * * * which have a superior or greater legal or equitable right than Colonia to [the] earned funds."

The City, as stakeholder, commenced this interpleader action in June 1995 for a determination of the competing claims to the $171,917.38, naming as defendants, in addition to Cross Bay and Colonia, those entities which had filed liens and restraining notices against Cross Bay. Insofar as relevant to this appeal, Colonia cross-moved for summary judgment on the entire amount of the funds held by the City, and the City cross-moved, pursuant to CPLR 3025 (b), for leave to amend its interpleader complaint to reduce the amount of the funds subject to distribution by $100,000, from $171,917.38 to $71,917.38.

In support of its cross motion, Colonia referred to the provision in the stipulation settling Colonia's article 78 proceeding whereby the City agreed to pay Colonia $171,917.38 "upon the satisfaction, discharge, release or cancellation of all those valid liens, levies, restraints and encumbrances filed with" the City's Department of Finance "which have a superior or greater legal or equitable legal right than Colonia to said * * * funds." Colonia maintained that the prior payments it made and the outstanding claims asserted under the bond exceed the fund of $171,917.38 and that none of the codefendants in this action have "valid liens, levies, restraints and encumbrances * * * which have a superior or greater legal or equitable legal right than Colonia" to the funds withheld by the City.

The City, in support of its cross motion for leave to amend, explained that it had mistakenly overlooked the stop payment order when it interpleaded the larger amount and asserted that by virtue of that order it is required by section 220 of the Labor Law to hold $100,000 of the $171,917.38 in trust for the benefit of the workers allegedly underpaid by Cross Bay.

The IAS Court held that the City had established "a prima facie right under Labor Law § 220-b (2) to withhold $100,000 in payments under [the Fresh Kills Landfill contract] in trust for the benefit of workers allegedly underpaid by Cross Bay" and that the proposed amendment had not been shown to expose defendants to undue prejudice or surprise. The IAS Court denied Colonia's cross motion for summary judgment, concluding that it had failed to establish its entitlement to the interpleaded funds. In our view, summary judgment should have been granted in Colonia's favor for $71,917.38 and we modify accordingly.

■ At the outset, we agree with the IAS Court that the City's proposed amendment to reduce the amount of the interpleaded funds should be permitted. As the court noted, Labor Law § 220-b (2) (a) provides that when a complaint alleging prevailing wage and supplement violations with respect to labor performed on a public improvement has been filed, the City is required to withhold sufficient monies to satisfy the underpayment pending a final determination. Pursuant to Labor Law § 220-b (2) (b), monies so withheld "shall be held * * * for the sole and exclusive benefit of the workers employed on [the] public improvement and for payment of any civil penalty that may be assessed." Accordingly, the City has established a legitimate right to withhold $100,000 in payments under the Fresh Kills contract and to hold that money in a statutory trust for the benefit of workers allegedly underpaid by Cross Bay.

Leave to amend pleadings shall be freely given absent prejudice or surprise resulting directly from the delay. (CPLR 3025 [b]; *Fahey v County of Ontario*, 44 NY2d 934, 935.) On this record, there is no showing of either. There is nothing to suggest that Colonia would be hindered in its preparation of the case or that it has been prevented from taking some measure in support of its position. (*Detrinca v De Fillippo*, 165 AD2d 505, 511.) Nor can Colonia claim surprise. The stop payment order directing the City to withhold $100,000 in payment to Cross Bay was issued on January 4, 1994 and is on file with the City's Department of Finance as a matter of public record. Colonia, in the business of being a surety on payment bonds, should have known that complaints under Labor Law § 220-b commonly occur, that a statutory trust arises upon the issuance of such a complaint and that stop payment orders issued as a result of such complaints are on file.

■ It was, however, error to deny Colonia's cross motion for summary judgment on its claim for the interpleaded funds, at least to the extent of $71,917.38. Since Colonia made payments under its bond and became subrogated to the rights of the City, it has a superior right to the funds withheld by the City. *United States Fid. & Guar. Co. v Triborough Bridge Auth.* (297 NY 31) involved a contract between the Authority and the contractor that required the contractor to provide a payment bond and permitted the Authority to withhold from payments due the contractor such sums as were necessary to secure the satisfaction of unpaid bills to subcontractors. The surety's obligation to pay under the bond was triggered by the contractor's default as to debts due and owing subcontractors, and the surety satis-

fied those debts. In a contest for the contract funds being withheld by the Authority between the surety and the Internal Revenue Service, which had filed a lien for unpaid taxes, the Court of Appeals held that the surety's rights were superior. The Court stated that the surety "succeeded—under principles of subrogation—to all rights which [the] Authority might have against the contractor, including that of withholding money due the contractor and of applying it to the payment of unsatisfied claims for both labor and materials furnished." (*Supra*, at 35.) The Court noted that "the contractor's rights to the fund were clearly subordinate to the right of [the] Authority—and, by subrogation, of [the surety]—to withhold and apply [the funds held by the Authority] to the payment of unsatisfied claims for labor and materials. So long as such claims were outstanding and unpaid and so long as [the] Authority had the right to withhold and apply, the contractor had no rights to the fund, and, consequently, had no property interest therein" upon which a lien could be placed. (*Supra*, at 37.)

Application of these principles establishes Colonia's right to the funds in the hands of the City. Under the contract between the City and Cross Bay, the contractor, if required, must submit evidence that it has paid the subcontractors, and the City is permitted to withhold from Cross Bay monies owed to subcontractors until their claims have been adjusted. Under General Municipal Law § 106-b (1), however, the City is required to withhold sufficient funds to satisfy all "claims * * * against the contractor which have not been suitably discharged." Thus, upon discovery of Cross Bay's failure to pay its subcontractors, the City had the right to withhold from Cross Bay monies due it and apply such sums toward the payment of those claims. Colonia is subrogated to the City's rights and may use the contract funds to apply the funds to payments made and to be made under the payment bond. It is clear that Colonia's right to the interpleaded fund is superior to that of the other claimants, who are entitled only to funds "due or to become due" to the debtor, Cross Bay. No monies, however, are or will be due Cross Bay, since its rights are subordinate to those of the City and, by subrogation, subordinate to those of Colonia.

Accordingly, the judgment of Supreme Court, New York County (Fern Fisher-Brandveen, J.), entered May 14, 1996, which, *inter alia*, granted plaintiff City of New York's cross motion for leave to amend the interpleader complaint, reduced the amount of funds subject to distribution to $71,917.38 and denied defendant Colonia Insurance Company's cross motion

for summary judgment on its claim for the entire amount of the interpleaded funds, should be modified, on the law, to grant the cross motion for summary judgment by defendant Colonia Insurance Company in the sum of $71,917.38 and, except as thus modified, affirmed, without costs or disbursements. The appeal from the order of the same court and Justice, entered April 17, 1996, should be dismissed as superseded by the appeal from the judgment, without costs.

MURPHY, P. J., ROSENBERGER, RUBIN and ANDRIAS, JJ., concur.

Judgment, Supreme Court, New York County, entered May 14, 1996, modified, on the law, to grant the cross motion for summary judgment by defendant Colonia Insurance Company in the sum of $71,917.38 and, except as thus modified, affirmed, without costs or disbursements. The appeal from the order of the same court and Justice, entered April 17, 1996, dismissed as superseded by the appeal from the judgment, without costs.