(January 27, 1998)

■ In the Matter of DAGMAR DIPPELL, Appellant-Respondent, v MARVA L. HAMMONS, as Administrator/Commissioner of the Human Resources Administration, et al., Respondents-Appellants. [668 NYS2d 185] —Order, Supreme Court, New York County (Carol Huff, J.), entered October 2, 1995, which, *inter alia,* granted the petitions in these consolidated proceedings to the extent of vacating the findings of the Administrative Law Judge (ALJ) dated July 28, 1994, remanding the matter to respondents for rehearing before a different ALJ and continuing the order staying respondents from enforcing their March 16, 1995 determination which terminated petitioner's employment, unanimously reversed, on the law, without costs, respondents' determination dated March 16, 1995 confirmed, the petition denied, and the proceeding dismissed.

Appeal from order, same court and Justice, entered March 14, 1995, which, *inter alia,* granted petitioner's motion to serve her third amended petition and denied respondents' motion to

dismiss the petition with leave to renew, unanimously dismissed, without costs, as academic in light of the foregoing.

Inasmuch as these now consolidated CPLR article 78 proceedings, contesting respondents' transfer of petitioner to Queens and, upon her refusal to report to her new assignment, first demoting her, then terminating her employment as an attorney with Human Resources Administration's (HRA) Foster Care and Adoptions Unit, necessarily involve the question of whether the ALJ's determinations were supported by substantial evidence, these matters should have been transferred to this Court. Thus, we will review the petition de novo as if it had been properly transferred, which review is limited to determining whether the ALJ's findings are based on " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " (*Matter of Blanco v Popolizio*, 190 AD2d 554, 555, quoting *300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

It is undisputed that petitioner repeatedly refused to accept her reassignment to Queens. At the first administrative hearing in 1994, the ALJ had ample grounds for concluding that petitioner had no grounds for disregarding the "obey now, grieve later" principle since her doctor's statement that a "non-stressful job is recommended" was inadequate to establish that the reassignment would be unduly debilitating to her health. To the extent that the ALJ found that petitioner's testimony lacked credibility and that she came across as "stubborn and misguided", she was entitled to credit the testimony of respondent Hollander that the decision to transfer petitioner was motivated primarily by petitioner's failure to return from a Florida vacation on time and her longstanding poor relationship with her immediate supervisor.

It is also undisputed that petitioner was absent without leave after September 22, 1994 and that she failed to appear, despite having received notice, at the second administrative hearing held before a different ALJ in February 1995. The second ALJ properly concluded in his recommendation, which was adopted by HRA in its March 16, 1995 determination, that since petitioner had previously been demoted for similar misconduct before engaging in the present misconduct, dismissal was the only appropriate penalty.

Finally, it appears from the record that the IAS Court lacked a sufficient basis for issuing any injunctive relief pending final determination of these proceedings. Concur—Ellerin, J. P., Rubin, Tom, Mazzarelli and Andrias, JJ.