■ GIANT SUPPLY CORP., Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendant. [670 NYS2d 29] —Judgment, Supreme Court, New York County (Phyllis Gangel-Jacobs, J.), entered June 10, 1997, awarding plaintiff damages and bringing up for review an order of the same court and Justice, entered May 14, 1997, granting plaintiff's motion for summary judgment and denying the municipal defendants' cross-motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, plaintiff's motion denied, the municipal defendants' cross-motion granted, and summary judgment awarded to the municipal defendants. Appeal from said order unanimously dismissed, without costs, as subsumed within the appeal from the judgment. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint as against them.

On June 25, 1991, the City of New York and the New York City Department of Housing Preservation and Development (defendants or the City) entered into a contract with Kallo Building and Construction (Kallo), the general contractor, for improvement of a City-owned building. The City agreed to pay Kallo $122,488.40, and held this amount in escrow for that purpose. Kallo put up a performance bond. Between August and December 1991, Kallo's subcontractor Giant Supply Corp. (plaintiff or Giant) furnished materials and performed work on this project. Kallo was supposed to pay Giant $103,609.50.

Kallo failed to pay Giant. Thereafter, on March 27, 1992, Giant filed a mechanic's lien with the City in the amount of $103,609.50. The lien was filed against the $122,488.40 that the City owed Kallo. On May 5, 1992, the City filed a lien

against that same $122,488.40, relating to prevailing wages owed to Kallo's employees, pursuant to Labor Law § 220 (7).

Giant and Kallo reached an agreement, and Giant filed a Satisfaction of Public Improvement Lien on May 15, 1992, in the expectation that Kallo would pay the $103,609.50 owed to Giant. Giant also sought payment under Kallo's performance bond, which turned out to be invalid. When Kallo again failed to pay, Giant refiled its lien against the City for the same amount.

In June 1992, 11 of Kallo's employees filed claims with the City Comptroller, alleging that they had not been paid the prevailing wage, whereupon the Comptroller began investigating these claims.

Giant sued Kallo and the City in an effort to recover the $103,609.50. Its amended complaint, served on August 12, 1992, asserted three causes of action: (1) for services and materials valued at $103,609.50; (2) to foreclose its mechanic's lien against the City; and (3) recovery based on the City's alleged negligence in accepting Kallo's fraudulent bonds. Kallo defaulted, and the City moved to dismiss.

By order dated January 27, 1993, the motion court (Schlesinger, J.), dismissed Giant's second and third causes of action, holding that the City's prevailing wages lien took priority over Giant's lien under Lien Law § 25 (3), and that the City had no duty to investigate the validity of Kallo's payment and performance bonds. Thereafter, the City defaulted in answering the first cause of action, but the order that is the subject of the instant appeal did not base its decision on that ground and the parties have not addressed any issue raised by the default.

On or about September 8, 1997, Giant moved for summary judgment based on the City's default. Giant also argued that the doctrine of laches should bar the City from further consideration of the employees' prevailing wage claims, as over five years had elapsed without a final determination and Giant had allegedly been prejudiced by the delay. Giant pointed to the six-month period contemplated by Labor Law § 220 (7) for resolution of prevailing wage claims. The City cross-moved for summary judgment, asserting the priority of the prevailing wage claims, claiming that the six-month period was directory, not mandatory, and contending that it would be inequitable to extinguish the claims of the Kallo employees, who were the statute's intended beneficiaries and who were not parties to the action.

The IAS Court (Gangel-Jacobs, J.) granted Giant's motion on April 2, 1997. While acknowledging that the wage claims had

priority over Giant's lien, and that the six-month period was indeed directory only, the IAS Court held that the City's long delay had prejudiced Giant and that the City had been unjustly enriched to the extent that it was holding the $122,488.40 owed to Kallo. Unknown to the court and the parties, on April 1, 1997, after a hearing and report by an Administrative Law Judge, the Comptroller found that Kallo owed $317,735.16 due to its failure to pay prevailing wages to six employees.

On appeal, the City contends that it is entitled to summary judgment. Since the prevailing wages lien has clear priority over Giant's lien, and there has never been enough money in the escrow account to satisfy even the senior lien, let alone to pay anything to Giant, any delay in ruling on the prevailing wages claim could not have prejudiced Giant. We agree.

Pursuant to Labor Law § 220 (3), contractors on public works projects must pay their employees the prevailing wage for comparable work in that locality, as defined in the statute. If an employee files a complaint stating that the contractor has failed to do so, the fiscal officer of the government entity (here, the City Comptroller) shall investigate whether the contractor is in compliance. The fiscal officer may also commence such an investigation on his own initiative.

Labor Law § 220-b (2) provides that once noncompliance has been alleged by an employee, or it appears to the fiscal officer that unpaid wages may be due, the government entity responsible for payment shall withhold from the contractor sufficient money to satisfy the employees' claims, pending a final determination (*see, City of New York v Cross Bay Contr. Corp.*, 235 AD2d 10). Thus, the City properly filed its lien against the $122,488.40 it was holding in escrow to pay the contractor.

Labor Law § 220 (former [7]) states that the fiscal officer "shall make an order or determination not later than six months after the filing of such verified complaint [by the aggrieved employees]." Clearly, the City did not meet this time limit. However, this provision "is directory, not mandatory" (*Guercio v Gerosa*, 8 AD2d 250, 255, *affd* 8 NY2d 1104). The IAS Court correctly concluded that Giant could not invoke this section to defeat the City's lien.

Giant argues that its lien on the escrow funds should be considered filed as of March 27, 1992, which would give it temporal priority over the City's May 5, 1992 lien. Giant's original lien was filed before the City's lien, and Giant contends that its agent improperly recorded that the lien was satisfied, forcing Giant to refile. However, section 25 (3) of the Lien Law provides: "Laborers for daily or weekly wages having liens

under a contract for a public improvement, shall have prefer- ence as a class for the full amount of their unpaid wages over all other lienors having liens arising under the same contract and without reference to the time when such laborers shall have filed their notices of liens." Accordingly, the City's lien would have priority no matter when Giant's lien was filed.

Giant's main argument is that even if the foregoing is all true, the City's unreasonable five-year delay in processing the prevailing wages claims unfairly prejudiced Giant's ability to receive payment for the work and materials it furnished to Kallo. Essentially, Giant hopes to prevail on a theory of laches and unjust enrichment.

In determining whether an administrative delay is reason- able, "[t]he passage of time, standing alone, does not * * * serve as a basis for judicial intervention" (*Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 177, *cert denied* 476 US 1115 [rejecting view that 10-year delay is unreasonable per se]; *see also, Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 623 [8½-year delay not unreasonable]). Rather, the court must weigh four factors: "(1) the nature of the private interest alleg- edly compromised by the delay; (2) the actual prejudice to the private party; (3) the causal connection between the conduct of the parties and the delay; and (4) the underlying public policy advanced by governmental regulation" (*Cortlandt Nursing Home v Axelrod, supra*, at 178).

Here, Giant has suffered no actual prejudice from the delay, because the satisfaction of the City's prior lien would have exhausted the escrow funds. Even if the prevailing wages claim had been resolved promptly by the Comptroller, and the inter- est resulting from the delay had never accrued, Kallo's employ- ees would still have been owed $178,997.90. As a matter of law, Giant could never have received any money from the City, because the prevailing wages due to Kallo's employees always exceeded the escrow amount against which the liens were filed.

Kallo's records were unavailable when the prevailing wage determination was finally issued since it had gone out of busi- ness while this litigation was pending. Nonetheless, Giant's argument that it *might* have been able to defend Kallo's wage payments if the hearing had been held earlier is too specula- tive to justify the IAS Court's determination.

In addition, the public policy behind Labor Law § 220 (7) favors the City, not Giant. This six-month time limit was undoubtedly designed to ensure speedy payment of back wages to the employees, who are the intended beneficiaries of the statute. It would be inequitable to allow a competing claimant

to use the time limit to defeat the employees' claims. We therefore decline to hold that the City's delay was so unreasonable as to defeat its lien.

Giant's unjust enrichment argument similarly has no merit. The City's arguable enrichment, in that it had the use of the funds for five years, was at the expense of Kallo's employees, not Giant, since the latter's lien was valueless for the reasons stated above. Either way, now that the prevailing wage claims have been investigated, the City will have to pay the money to someone, be it Giant or Kallo's employees. The City will not be "enriched" by prevailing on this appeal. Instead, Kallo's employees will finally be paid at least part of the wages owed to them, as contemplated by Labor Law § 220. Concur—Rosenberger, J. P., Wallach, Williams and Tom, JJ.