(April 28, 1998)

■ PROTE CONTRACTING Co., INC., Respondent, v BOARD OF EDUCATION OF THE CITY OF NEW YORK (LIVINGSTON HIGH SCHOOL), Appellant. [672 NYS2d 109] —Order, Supreme Court, New York County (Jane Solomon, J.), entered February 14, 1997, which denied defendant's motion to amend its answer pursuant to CPLR 3025 (b) to assert an additional counterclaim, to compel additional disclosure from plaintiff and to strike plaintiff's note of issue, unanimously modified, on the law, the facts and in the exercise of discretion, to grant that branch of defendant's motion seeking leave to amend its answer to add a counterclaim, and that branch seeking to strike the note of issue, and to permit the parties to seek additional discovery on issues related to the new counterclaim, and otherwise affirmed, without costs.

Defendant should have been permitted to amend its answer to include an additional counterclaim for the recovery of monies allegedly paid in error to plaintiff pursuant to a change order that defendant claims, and has claimed for some time, was erroneously issued by plaintiff for work that was included in the original contract specifications. Leave to amend pleadings is generally freely granted (*Murray v City of New York*, 43 NY2d 400, 404-405) and we perceive no reason why the present application for leave should have been treated as excep-

tional. This is especially so since plaintiff, in opposing defendant's motion.to amend, made no showing that permitting the proposed counterclaim would be prejudicial (*see, City of New York v Cross Bay Contr. Corp.*, 235 AD2d 10, 14).

The note of issue is stricken so that the parties may take further discovery, including a further deposition of plaintiff's president, relative to the newly interposed counterclaim concerning the change order.

As to the refusal by plaintiff's president to answer certain questions at his deposition, to the extent these questions concerned the change order, plaintiff is directed to answer same; to the extent the questions related to other topics, we uphold the order declining to make a direction that plaintiff's president answer them, and leave to the trial court the issue of whether plaintiff should be precluded from offering evidence on such matters. Concur—Lerner, P. J., Nardelli, Wallach, Williams and Saxe, JJ.