■ In the Matter of STEPHANIE KENNEDY, Appellant, v CITY OF NEW YORK, Respondent. [704 NYS2d 248] —Order, Supreme Court, New York County (Stanley Parness, J.), entered January 25, 1999, which denied petitioner's application to annul respondent City's determination terminating petitioner's employment in the noncompetitive, nontenured position of Houseparent with the Administration for Children's Services, unanimously affirmed, without costs.

The proceeding was properly dismissed upon a finding that respondent's termination of petitioner's employment was not made in bad faith (see, *Matter of Johnson v Katz*, 68 NY2d 649). While petitioner claims that it was bad faith for respondent to involuntarily transfer her to a night shift without giving her a reasonable opportunity to arrange for child care, she adduces no evidence that she ever sought such an accommodation or invoked the hardship exception provisions of the collective bargaining agreement. Instead, respondent shows, petitioner simply absented herself from work while she pursued her unsuccessful grievance that other, more junior employees should have been made to work the night shift. Such unauthorized absence negates any inference of bad faith (see, *Matter of Dippell v Hammons*, 246 AD2d 450, *lv denied* 92 NY2d 801; *Matter of Baugh v Stern*, 160 AD2d 617, *lv denied* 76 NY2d 709). Concur—Rosenberger, J. P., Mazzarelli, Ellerin, Lerner and Friedman, JJ.