■ In the Matter of RE/MAX ALL-PRO REALTY, INC., et al., Respondents, v NEW YORK STATE DEPARTMENT OF STATE, DIVISION OF LICENSING SERVICES, Appellant. [739 NYS2d 321] —Appeal from a judgment of Supreme Court, Oneida County (Tenney, J.), entered December 13, 2000, which granted the CPLR article 78 petition seeking to annul the determination that petitioners engaged in professional misconduct.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously vacated, the determination is confirmed without costs and the petition is dismissed.

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination, made following a hearing, that they engaged in professional misconduct. Although the petition challenges the determination as "arbitrary and capricious," "it is apparent that a challenge is being made to the factual findings of [the Administrative Law Judge, which were affirmed by respondent]. Thus, regardless of the terms used by petitioner[s], a substantial evidence issue has been raised, necessitating transfer to this [C]ourt" (*Matter of Segrue v City of Schenectady*, 132 AD2d 270, 273-274; *see, Matter of Dippell v Hammons*, 246 AD2d 450, 451, *lv denied* 92 NY2d 801). We therefore "review the petition de novo as if it had been properly transferred" (*Matter of Blanco v Popolizio*, 190 AD2d 554, 554-555).

Pursuant to Real Property Law § 441-c (1), respondent may

revoke or suspend the license of a real estate broker or salesperson, reprimand the real estate broker or salesperson, or impose a fine, if he or she "has demonstrated untrustworthiness or incompetency to act as a real estate broker or salesperson, as the case may be." Respondent's determination that petitioners breached their fiduciary duties, failed to comply with Real Property Law § 443 and converted and misused trust funds, thereby demonstrating untrustworthiness and incompetency, is supported by substantial evidence in the record (*see generally, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181-182). Although there are conflicting accounts of what occurred, "questions of fact and credibility are within the authority of [respondent] to resolve and * * * respondent was [not] required to accept the petitioners' account of what transpired" (*Matter of Facey v Department of State,* 132 AD2d 698, 698, *lv denied* 70 NY2d 611). Contrary to the contention of petitioners, "a wrongful intent is not an essential element of the conversion" (*Leve v Itoh & Co. [Am.],* 136 AD2d 477, 478, *lv denied* 71 NY2d 806), nor is it necessary to show that they acted in bad faith (*see, Pokoik v Gittens,* 171 AD2d 470, 471). "As long as [the] directions [of the principal to the agent] are not unreasonable, the agent is bound to obey them, even if it appears that some other course of conduct was better than that which the [principal] chose" (*William Stevens, Ltd. v Kings Vil. Corp.,* 234 AD2d 287, 288).

We further reject petitioners' contention that the determination is affected by an error of law (*see,* CPLR 7803 [3]), and we conclude that the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Kostika v Cuomo,* 41 NY2d 673, 676-677). We therefore vacate the judgment, confirm the determination and dismiss the petition. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.