■ In the Matter of VIOLA DICKINSON, Respondent, v RICHARD F. DAINES, M.D., Commissioner, New York State Department of Health, Appellant, et al., Respondent. [892 NYS2d 727]—

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul an "Amended Decision after Fair Hearing" (hereafter, amended determination) of respondent Commissioner of the New York State Department of Health (DOH) denying her application for Medicaid coverage on the ground that it was issued more than 90 days after her request for a fair hearing. We conclude that Supreme Court erred in granting the petition.

The record establishes that petitioner's initial application for Medicaid was denied, and that petitioner requested a fair hearing on June 14, 2007. The fair hearing was held 91 days later, and a determination granting petitioner's application was issued 99 days following the fair hearing. On February 4, 2008, 45 days after issuance of that determination, the Onondaga County Department of Social Services (DSS) requested "reconsideration" of the determination. One month after the request, an amended determination denying the application was issued. In granting the petition, the court concluded that DOH was required to take "final administrative action" within the 90-day period set forth in subdivision (a) of 18 NYCRR 358-6.4. That was error, inasmuch as DOH had the power to review the initial determination beyond the 90-day period set forth in the regulation in question.

As a general rule, where an agency is directed by the Legislature to take action within a specific time frame, "such [time frame] will be considered directory, absent evidence that such requirements were intended by the Legislature as a limitation on the authority of the body or officer" (*Matter of City of New York v Novello*, 65 AD3d 112, 116 [2009]; *see Matter of Grossman v Rankin*, 43 NY2d 493, 501 [1977]). Where, however, legislation providing for an administrative determination explicitly prescribes the time frame for making a determination and provides that the agency is required to act within the specified time frame, there is "an unmistakable limitation on the [agency's] authority to act" beyond that time frame (*Novello*, 65 AD3d at 116). Here, Social Services Law § 364, the statute

directing DOH to "establish[ ] and maintain[ ] standards for medical care and eligibility," does not mandate any time frame for "making final administrative determinations and issuing final decisions concerning such matters" (§ 364 [2] [h]). Indeed, the statute expresses no legislative intent that the failure of DOH to act within the regulatory time frame will deprive the agency of the power to act. We therefore conclude that the 90-day period in the regulation in question does not reflect a legislative intent to deprive DOH of the power to act on petitioner's Medicaid application based on the failure of DOH to take final administrative action on the application within 90 days. Thus, DOH retained the power to act on petitioner's application beyond the 90-day period set forth in the regulation in question (cf. Novello, 65 AD3d at 116-117).

We reject the court's conclusion that it was unreasonable for DOH to seek review of the initial determination 45 days after the determination was issued. The regulations contain no prescribed time period for seeking such review, and we conclude that 45 days is a reasonable time period in which DOH is entitled to seek "review [of] an issued fair hearing decision" (18 NYCRR 358-6.6 [a] [1]; cf. Gomolisky v Davis, 716 NE2d 970 [Ind 1999]). We thus agree with DOH that the amended determination was properly issued pursuant to 18 NYCRR 358-6.6 (a).

We recognize that, as noted by the dissent, there are circumstances in which public assistance determinations must be made promptly (see generally Goldberg v Kelly, 397 US 254, 264 [1970]). The Medicaid application here, however, involves no such exigent circumstances (see generally 18 NYCRR 360-2.4 [c]). If such exigent circumstances had been present, petitioner would have been entitled to priority with respect to the hearing and determination (see 18 NYCRR 358-3.2 [b] [9]).

Finally, we reject petitioner's contention that DSS was required to take an appeal from the judgment in order to avoid being bound by the initial determination. In light of our conclusion that the amended determination was properly issued, DSS is bound by that amended determination (see 18 NYCRR 358-6.6 [a]).

All concur except Green and Gorski, JJ., who dissent and vote to affirm in the following memorandum.

Green and Gorski, JJ. (dissenting). We respectfully dissent, and would affirm the judgment. The conclusion of the majority that the time limitation set forth in 18 NYCRR 358-6.4 (a) should not be considered mandatory stems from its belief that the regulation reflects only administrative intent, not legislative

intent. The Legislature, however, enacted Social Services Law § 364 "[t]o assure that the medical care and services rendered pursuant to this title are of the highest quality and are available to all who are in need." In order to implement that policy, the statute authorizes the New York State Department of Health (DOH) to "mak[e] policy, rules and regulations for maintaining a system of hearings for applicants and recipients of medical assistance adversely affected by the actions of the department or social service districts and for making final administrative determinations and issuing final decisions concerning such matters" (§ 364 [2] [h]). Here, the regulation in question provides that "definitive and final administrative action must be taken promptly" (18 NYCRR 358-6.4 [a]), thus ensuring that services are available *when* they are in fact needed. Notably, 18 NYCRR 358-6.4 applies not only to Medicaid determinations, as in the instant case, but it also applies to household benefits such as food assistance and home energy assistance, as well as to protective services for children and adults (*see* 18 NYCRR 358-1.1, 358-2.20). Timely definitive and final resolutions of questions of eligibility for such programs are imperative inasmuch as "termination of aid pending resolution of a controversy over eligibility may deprive an eligible recipient of the very means by which to live while he [or she] waits" (*Goldberg v Kelly*, 397 US 254, 264 [1970]). We therefore conclude that the plain language of the regulation itself, i.e., the affirmative directive that "definitive and final administrative action must be taken promptly," with the further directive that such action must "in no event [be taken] more than 90 days from the date of the request for a fair hearing," necessitates the conclusion that the regulation imposes a mandatory time limitation upon the Commissioner of DOH (respondent) (18 NYCRR 358-6.4 [a]; *see Matter of City of New York v Novello*, 65 AD3d 112, 116 [2009]). Further, we believe that the 90-day limitation applies regardless of whether a recipient is also entitled to priority under 18 NYCRR 358-3.2.

Even assuming, arguendo, that the time limitation in 18 NYCRR 358-6.4 (a) may be deemed discretionary, we conclude that respondent nevertheless is "not permit[ted] . . . to ignore completely the specific [administrative] provisions for timely action" (*State Div. of Human Rights v Rinas*, 42 AD2d 388, 390 [1973]). In our view, respondent's determination to amend the initial determination following a fair hearing more than eight months after petitioner requested the fair hearing is an abuse of any discretion afforded by the regulation in question. We consider the delay unconscionable, as well as contrary to both the legislative and administrative intent (*see generally* Social Services Law § 364; 18 NYCRR 358-6.4 [a]). Present—Scudder, P.J., Hurlbutt, Green, Pine and Gorski, JJ.