In the Matter of DOUGLAS J. GIAMBRONE et al., Petitioners, v ALEXANDER B. GRANNIS, Commissioner, New York State Department of Environmental Conservation, et al., Respondents. [930 NYS2d 735]—

Memorandum: Petitioners commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Department of Environmental Conservation (DEC) dated March 17, 2010 that, inter alia, imposed a civil penalty of $109,500 for the violation of 12 DEC regulations involving the generation and storage of hazardous waste (*see* 6 NYCRR parts 372, 373), as well as two statutes involving the discharge of petroleum (*see* Navigation Law §§ 173, 175). In the mid-1980s, petitioner Douglas J. Giambrone, the president and chief executive officer of petitioner Marcon Erectors, Inc. (Marcon), directed that the top of a 25,000-gallon storage tank be removed. The tank was located on property owned by Giambrone and leased to Marcon, and the removal exposed the tank's contents to the environment. Those contents were subsequently determined to be sludge laden with polychlorinated

biphenyls (PCBs) and other hazardous chemicals. In September 1995, the DEC received a complaint concerning a spill on the property where the tank was located, and petitioners did not begin remediation efforts until 1997. Respondent DEC Commissioner (Commissioner) determined in a subsequent administrative enforcement proceeding that there was no issue of fact concerning petitioners' liability, and on the recommendation of the Administrative Law Judge he granted the DEC's motion in December 2000 for "order without hearing" pursuant to 6 NYCRR 622.12. In a subsequent CPLR article 78 proceeding, the liability determination was confirmed in a judgment entered March 25, 2002, but Supreme Court vacated the penalty imposed based on the lack of a hearing with respect to the amount. The penalty hearing was ultimately held on November 7, 2007.

Despite the inordinate delays that occurred in the administrative proceedings, we reject petitioners' contention that the proceedings should have been dismissed and the penalty vacated based on the failure to hold a hearing either "immediately" as provided in 6 NYCRR 622.12 (f) or "within a reasonable time" as provided in State Administrative Procedure Act § 301 (1). Moreover, we reject petitioners' further contention that dismissal of the proceedings is required due to the failure of the Commissioner to issue the decision and order within 60 days "after the close of the record" pursuant to 6 NYCRR 622.18 (b) (1). Time limitations imposed upon administrative agencies by their own regulations are not mandatory (*see Matter of Dickinson v Daines*, 15 NY3d 571, 575 [2010], *affg* 68 AD3d 1646 [2009]), and petitioners failed to establish that they suffered substantial prejudice resulting from the delays (*see id.* at 577; *Matter of Cortlandt Nursing Home v Axelrod*, 66 NY2d 169, 178-179 [1985], *rearg denied* 66 NY2d 1035 [1985], *cert denied* 476 US 1115 [1986]; *see also Matter of Corning Glass Works v Ovsanik*, 84 NY2d 619, 625-626 [1994]). Additionally, we note that, "[w]here . . . legislation providing for an administrative determination explicitly prescribes the time frame for making a determination and provides that the agency is required to act within the specified time frame, there is 'an unmistakable limitation on the [agency's] authority to act' beyond that time frame" (*Dickinson*, 68 AD3d at 1647; *see Matter of City of New York v Novello*, 65 AD3d 112, 116 [2009], *lv denied* 14 NY3d 702 [2010]; *see generally Cortlandt Nursing Home*, 66 NY2d at 177-182). Here, the Legislature provided no such time frame.

We agree with petitioners, however, that the civil penalty

imposed " 'is so disproportionate to the offense as to be shocking to one's sense of fairness' " (*Matter of Waldren v Town of Islip*, 6 NY3d 735, 736 [2005], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]). The record establishes that the remediation contractor retained by petitioners to perform cleanup work at the site was approved by the DEC, and the contractor mishandled materials and was partially responsible for the site conditions but was subjected to a substantially lower DEC penalty. We conclude that the maximum civil penalty warranted against petitioners in this case is $25,000, and in the exercise of our discretion we therefore modify the determination by reducing the penalty accordingly (*see generally Matter of Murray v Ilion Water Commn.*, 9 AD3d 903 [2004]; *Matter of Vito v Jorling*, 197 AD2d 822, 824-825 [1993]). We have considered petitioners' remaining contentions and conclude that they are without merit. Present—Smith, J.P., Fahey, Peradotto, Lindley and Sconiers, JJ.