■ In the Matter of Joy Goldberg, Petitioner, v Lorraine Cortez-Vasquez, Respondent. [942 NYS2d 335]—

Determination of respondent, dated March 11, 2010, which revoked petitioner's real estate broker's license and notary commission, and directed that no action be taken to restore the license until petitioner demonstrated that she had refunded the sum of $10,475, plus statutory interest from November 28, 2006, to the seller, Julio Alejandro, Jr., unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael D. Stallman, J.], entered January 11, 2011) dismissed, without costs.

Respondent's finding that petitioner participated in a scheme in a real estate transaction which defrauded the mortgage lender by making it appear that a deposit was paid by the purchaser, when none was provided, was supported by substantial evidence in the record (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). To the extent petitioner argues that the witnesses against her were incredible because they were involved in the deception, we defer to the credibility findings of the administrative law judge (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). The penalty imposed is not disproportionate and does not shock the conscience (*see Matter of Featherstone v Franco*, 95 NY2d 550 [2000]). Concur—Mazzarelli, J.P., Catterson, DeGrasse and Román, JJ.