Matter of Hortman v Division of Licensing Servs. (2018 NY Slip Op 07907)





Matter of Hortman v Division of Licensing Servs.


2018 NY Slip Op 07907


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CENTRA, NEMOYER, AND CURRAN, JJ.


1209 TP 18-00072

[*1]IN THE MATTER OF RONALD K. HORTMAN, MONTCLARE REALTY, LTD. AND JOANNE PANEK HORTMAN, PETITIONERS,
v
DIVISION OF LICENSING SERVICES, RESPONDENT. 






JOANNE PANEK HORTMAN, PETITIONER PRO SE. 
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [John F. O'Donnell, J.], entered January 12, 2018) to review a determination of respondent. The determination revoked the license of petitioner JoAnne Panek Hortman as an individual real estate broker. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: JoAnne Panek Hortman (petitioner) commenced this CPLR article 78 proceeding seeking to annul a determination of respondent, a division of the New York State Department of State (Department) which, after a hearing, revoked petitioner's license as an individual real estate broker. Contrary to petitioner's contention, we conclude that the Department's determination that petitioner breached her fiduciary duties and demonstrated untrustworthiness and incompetency (see Real Property Law § 441-c [1] [a]) is supported by substantial evidence in the record (see Matter of Re/Max All-Pro Realty v New York State Dept. of State, Div. of Licensing Servs., 292 AD2d 831, 832 [4th Dept 2002], lv denied 98 NY2d 606 [2002]). We further conclude that the penalty of revocation of petitioner's license is not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Goldberg v Cortez-Vasquez, 94 AD3d 531, 532 [1st Dept 2012]; Re/Max All-Pro Realty, 292 AD2d at 832). We reject petitioner's contention that the Department's failure to abide by the time limits of 19 NYCRR 400.13 (a) requires annulment of the determination. The time limitation is directory only, not mandatory (see Matter of G & S Mgt., Inc. v Fiala, 94 AD3d 1577, 1578 [4th Dept 2012]; Matter of Giambrone v Grannis, 88 AD3d 1272, 1273 [4th Dept 2011]; see generally Matter of Dickinson v Daines, 15 NY3d 571, 574-576 [2010]), and petitioner failed to show that she suffered substantial prejudice from the delay (see Dickinson, 15 NY3d at 577; Giambrone, 88 AD3d at 1273). We have considered petitioner's remaining contention and conclude that it is without merit.
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court