Tozzi v Mack (2019 NY Slip Op 01308)





Tozzi v Mack


2019 NY Slip Op 01308


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


152499/17 8457 8456

[*1]John Tozzi, et al., Plaintiffs-Appellants,
v
Carola Mack, et al., Defendants-Respondents.


Franzino & Scher LLC, New York (George F. Du Pont of counsel), for appellants.
Parker Pohl LLP, New York (M. Todd Parker of counsel), for Carola Mack, respondent.
Capuder Fazio Giacoia LLP, New York (Joseph D. Giacoia of counsel), for DJK Residential, LLC, respondent.



Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered February 15, 2018 and March 15, 2018, which, to the extent appealed from as limited by the briefs, granted defendants' CPLR 3211(a)(1) motions to dismiss the complaint, unanimously affirmed, with costs.
The option agreement, the correction rider, and the emails constitute documentary evidence which utterly refutes plaintiffs' factual allegations and conclusively establishes a defense as a matter of law (see Amsterdam Hospitality Group, LLC v Marshall-Alan Assoc., Inc., 120 AD3d 431, 432-433 [1st Dept 2014]; Schutty v Speiser Krause P.C., 86 AD3d 484, 484—485 [1st Dept 2011]). Tozzi's claim that "it was his belief" that Mack presented him with only the signature pages of the option agreement, and that he did not see the entire agreement, is insufficient as a basis upon which to deny these motions, as "[a] party who signs a document without any valid excuse for having failed to read it is conclusively bound' by its terms" (Sorenson v Bridge Capital Corp., 52 AD3d 265, 266 [1st Dept 2008], lv dismissed 12 NY3d 748 [2009]). There is no evidence raising triable issues of fact as to whether plaintiff was given the entire agreement (see Martin v Citibank, N.A., 64 AD3d 477, 477-478 [1st Dept 2009]).
Contrary to Tozzi's contention that the motion court erred in dismissing the case based on the contracts of sale because the court incorrectly ignored Real Property Law (RPL) § 443, "[p]ursuant to Real Property Law § 441—c(1), respondent may revoke or suspend the license of a real estate broker or salesperson, reprimand the real estate broker or salesperson, or impose a fine" (Matter of Re/Max All-Pro Realty v New York State Dept. of State, Div. of Licensing Servs., 292 AD2d 831, 831-832 [4th Dept 2002], lv denied 98 NY2d 606 [2002]). In any event, plaintiffs complied with the disclosure required by RPL 443, albeit somewhat untimely, and the documentary evidence constituted written admissions that defendants were entitled to commissions.
The remaining causes of action for unjust enrichment and breach of fiduciary duty were correctly dismissed as duplicative of the first cause of action for invalid commission "since both claims arise from the same facts and seek the identical damages" (Netologic, Inc. v Goldman Sachs Group, Inc., 110 AD3d 433, 433-434 [1st Dept 2013]). There was also no damages or [*2]unjust enrichment, as plaintiffs were not licensed New York real estate brokers and were not entitled to commissions.
Mack's request for imposition of sanctions is denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK