Matter of Stanz v State of N.Y. Dept. of Motor Vehicles (2025 NY Slip Op 01444)

Matter of Stanz v State of N.Y. Dept. of Motor Vehicles

2025 NY Slip Op 01444

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

16 TP 24-00518

[*1]IN THE MATTER OF MICHAEL T. STANZ, DOING BUSINESS AS DUNCAN MOTOR CARS SALES & SERVICE, INC., PETITIONER,
v
STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES, RESPONDENT. 

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (JON F. MINEAR OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Emilio Colaiacovo, J.], entered March 22, 2024) to review a determination of respondent. The determination suspended petitioner's dealership license for a period of 60 days. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and in the exercise of discretion and the petition is granted in part by reducing the penalty to a 10-day suspension of petitioner's dealership license, and as modified the determination is confirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of a determination of respondent that suspended his dealer registration for a period of 60 days. After conducting a hearing, an Administrative Law Judge sustained 11 of the 12 charges alleged against petitioner. The charges stemmed from, inter alia, petitioner's failure to keep appropriate records pursuant to the regulations regarding preparation of sales forms and the issuance of temporary registrations to purchasers of vehicles (see 15 NYCRR part 78). We note at the outset that petitioner does not raise a substantial evidence issue, and thus Supreme Court erred in transferring the proceeding to this Court (see Matter of Lynch v New York State Dept. of Motor Vehs. Appeals Bd., 125 AD3d 1326, 1326 [4th Dept 2015]; Matter of Smeraldo v Rater, 55 AD3d 1298, 1299 [4th Dept 2008]). In the interest of judicial economy, however, we address the merits of the issue raised by petitioner (see Lynch, 125 AD3d at 1326).
We agree with petitioner that, in light of all the circumstances, the suspension portion of the penalty imposed " 'is so disproportionate to the offense as to be shocking to one's sense of fairness' " (Matter of Waldren v Town of Islip, 6 NY3d 735, 736 [2005], quoting Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 237 [1974]). We conclude that the maximum period of suspension warranted against petitioner in this case is 10 days, and in the exercise of our discretion we therefore modify the determination accordingly (see generally Matter of Giambrone v Grannis, 88 AD3d 1272, 1273-1274 [4th Dept 2011]; Matter of Ralph Oldsmobile, Inc. v Adduci, 170 AD2d 454, 455 [2d Dept 1991]).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court