■ In the Matter of MICHAEL MICHAELIDES, Petitioner, v GLENN GOORD, as Commissioner of Correctional Services, Respondent. [749 NYS2d 906] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Pursuant to two misbehavior reports, petitioner was found guilty of violating various prison disciplinary rules stemming from two separate incidents. The first involved his attempt to mail a package containing numerous items not authorized to be mailed and the second arose from a subsequent search of his cell which disclosed, inter alia, his possession of additional

unauthorized items.* Initially, the Attorney General concedes, and our review of the record confirms, that the charge of possession of escape paraphernalia must be annulled inasmuch as petitioner was improperly denied the right to call a witness with respect to said charge. Remittal for a redetermination of the penalty, however, is not necessary because no loss of good time was recommended and petitioner served the penalty imposed (*see Matter of Morales v Selsky*, 297 AD2d 894).

Turning to petitioner's remaining contentions, we are unpersuaded by his assertion that the lack of a contraband receipt for or photographs of items taken from his cell requires annulment. Petitioner has failed to demonstrate how the lack of a contraband receipt or photographs prejudice his defense (*see generally Matter of Polanco v Johns*, 260 AD2d 706), particularly where petitioner declined the Hearing Officer's offer to accommodate his request and petitioner admitted that the items belonged to him. Finally, a review of the record reveals no material gaps in the hearing transcript which would preclude meaningful review (*see Matter of Kalid v Farrell*, 284 AD2d 603).

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possession of escape paraphernalia; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.

---

* Although the proceeding was properly transferred to this Court inasmuch as the petition had raised a substantial evidence issue, petitioner's brief raises only procedural issues and, accordingly, we deem the substantial evidence issue to be abandoned (*see Matter of Giano v Selsky*, 273 AD2d 570, *lv denied* 95 NY2d 764).