█ In the Matter of DARRELL CHAPMAN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [853 NYS2d 212]—

The detailed misbehavior report, related memoranda and testimony adduced at the hearing provide substantial evidence to support the determination finding petitioner guilty of possessing a weapon and smuggling (*see Matter of Wilson v Goord,* 47 AD3d 1102, 1102 [2008]; *Matter of Dexter v Goord,* 43 AD3d 516, 517 [2007]). Petitioner's suggestion that the weapon could have been planted in the contraband watch room prior to his arrival created a credibility issue for the Hearing Officer to resolve (*see Matter of Wilson v Goord, supra; Matter of Yancey v Conway,* 46 AD3d 1042 [2007]). Although no search of the contraband watch room was recorded in the watch room log book (*see* Department of Correctional Services Directive No. 4910 [IV] [J] [4] [b]), testimony at the hearing established that such a search had been conducted prior to petitioner's arrival and was recorded on a contraband receipt. Accordingly, we are unpersuaded that this technical defect requires that the determination be annulled (*see Matter of Anderson v Selsky,* 297 AD2d 867, 867 [2002]; *Matter of Roman v Selsky,* 270 AD2d 519, 520 [2000]; *Matter of Gatson v Selsky,* 220 AD2d 906, 907 [1995]).

Petitioner's remaining contentions, including his claims that he was improperly denied the right to access certain documents and to present witness testimony, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Carpinello and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.