■■ In the Matter of AARON WILLIAMS, Petitioner, v KEITH DUBRAY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [871 NYS2d 427]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

A confidential investigation revealed that, as part of gang activity, petitioner and another inmate ordered a third inmate to attack that inmate's cellmate. As a result, petitioner was charged in a misbehavior report with violating the prison disciplinary rules prohibiting unauthorized organizational activity, assault and violent conduct. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Petitioner exhausted his administrative remedies and then commenced this CPLR article 78 proceeding seeking annulment.

We confirm. To the extent that petitioner contends that there is insufficient evidence to support the determination of guilt, we find that the determination is supported by substantial evidence including the testimony adduced at the hearing, as well as extensive confidential information and testimony considered by the Hearing Officer in camera (*see Matter of Vassell v Fischer*, 48 AD3d 876, 876 [2008]). Also without merit is petitioner's claim of hearing officer bias. "The fact that the Hearing Officer

presided over another hearing involving the same incident does not establish bias where, as here, the record demonstrates that the Hearing Officer relied only on the proof presented at petitioner's hearing" (*Matter of Serrano v Goord*, 266 AD2d 661, 662 [1999], *lv denied* 94 NY2d 762 [2000] [citation omitted]). Moreover, there is no indication in the record that the determination at issue flowed from any purported bias (*see id.*).

We have examined petitioner's remaining contentions and, to the extent preserved, find them to be unavailing.

Peters, J.P., Spain, Lahtinen, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.