■ In the Matter of BERNARD SORRENTINO, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [909 NYS2d 925]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

A random search of petitioner's prison cell revealed two shampoo bottles filled with a clear liquid containing orange

peels and a white substance at the bottom. When the liquid was determined to be fermenting alcohol, petitioner was served with a misbehavior report and, following a tier III disciplinary hearing, he was found guilty of possessing alcohol. After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.

We confirm. The misbehavior report, along with the testimony of the correction officer who determined that the substance was alcohol and petitioner's testimony that the bottles belonged to him, provide substantial evidence to support the determination of guilt (*see Matter of Hernandez v Selsky*, 62 AD3d 1177, 1178 [2009]; *Matter of Collins v Goord*, 272 AD2d 703 [2000]). It was not necessary for the substance to be scientifically tested to substantiate petitioner's guilt, inasmuch as the nature of alcohol is a matter of common knowledge (*see Matter of Hernandez v Selsky*, 62 AD3d at 1178; *Matter of Collins v Goord*, 272 AD2d at 703). Petitioner's testimony, and that of his cell mate, that the bottles contained shampoo purchased at the commissary raised an issue of credibility to be resolved by the Hearing Officer (*see Matter of Hernandez v Selsky*, 62 AD3d at 1178; *Matter of Ramos v Bennett*, 276 AD2d 1008 [2000]).

We have examined petitioner's remaining claims, including his constitutional challenge, and find them to be either unpreserved or without merit.

Mercure, J.P., Lahtinen, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.