[940 NE2d 905, 915 NYS2d 200]

In the Matter of VIOLA DICKINSON, Appellant, v RICHARD F. DAINES, M.D., Commissioner, New York State Department of Health, et al., Respondents.

Argued October 21, 2010; decided November 23, 2010

**POINTS OF COUNSEL**

*Woods Oviatt Gilman LLP*, Rochester (*René H. Reixach* of counsel), and *Stephen T. McMahon*, Camillus, for appellant. I. The amended decision after fair hearing should have been nullified because it was issued nearly seven months beyond the 90-day time limit for definitive and final action. (*Goldberg v Kelly*, 397 US 254; *Matter of Aliessa v Novello*, 96 NY2d 418; *Massachusetts Assn. of Older Ams. v Sharp*, 700 F2d 749; *Becker v Toia*, 439 F Supp 324; *Matter of Cisco v Lavine*, 72 Misc 2d 1009; *Nelson v Sugarman*, 361 F Supp 1132; *Matter of City of New York v Novello*, 65 AD3d 112; *Matter of Peninsula Gen. Nursing Home v Sugarman*, 57 AD2d 268, 44 NY2d 909; *Plaza Health Labs., Inc. v Perales*, 878 F2d 577; *Shifflett v Kozlowski*, 843 F Supp 133.) II. The Onondaga County Department of Social Services (DSS) should be ordered to comply with the original decision after fair hearing because the DSS Commissioner did not appeal from the order of Supreme Court to do so. (*Hecht v City of New York*, 60 NY2d 57; *Matter of Jones v Berman*, 37 NY2d 42; *Matter of Toia v Regan*, 54 AD2d 46, 40 NY2d 837.)

*Andrew M. Cuomo, Attorney General*, Albany (*Victor Paladino, Barbara D. Underwood* and *Andrew D. Bing* of counsel), for respondent. I. The 90-day time period in 18 NYCRR 358-6.4 is directory, not mandatory, and does not apply to requests for reconsideration under 18 NYCRR 358-6.6. (*Matter of King v Carey*, 57 NY2d 505; *Matter of Syquia v Board of Educ. of*

*Harpursville Cent. School Dist.*, 80 NY2d 531; *Matter of Court Reporting Inst. v New York State Educ. Dept.*, 237 AD2d 1; *Figueroa v Market Training Inst.*, 167 AD2d 503; *Matter of Kondracke v Blue*, 277 AD2d 953; *Housing Opportunities Made Equal v Pataki*, 277 AD2d 888; *Matter of Blossom View Nursing Home v Novello*, 4 NY3d 581; *Matter of Brenner v Bruckman*, 253 App Div 607, 278 NY 503; *Matter of Zellweger v New York State Dept. of Social Servs.*, 74 NY2d 404; *Matter of Perez v New York State Dept. of Labor*, 244 AD2d 844.) II. Dismissal of the petition in favor of the Onondaga County Department of Social Services necessarily entails dismissal in favor of the local social services district. (*Hecht v City of New York*, 60 NY2d 57; *Cover v Cohen*, 61 NY2d 261; *Schiavoni v Village of Sag Harbor*, 285 AD2d 638; *Citnalta Constr. Corp. v Caristo Assoc. Elec. Contrs.*, 244 AD2d 252; *Matter of Jones v Berman*, 37 NY2d 42; *Matter of Toia v Regan*, 54 AD2d 46, 40 NY2d 837.)

**OPINION OF THE COURT**

Smith, J.

We hold that violation of a regulatory deadline for rendering a decision after a fair hearing does not require the State to pay Medicaid benefits to a person not otherwise entitled to them.

I

Petitioner, an elderly woman living in a skilled nursing facility, applied to the Onondaga County Department of Social Services (DSS) for Medicaid benefits. DSS rejected her application, concluding that she had resources and income available to her exceeding the amounts permitted for Medicaid recipients. On June 14, 2007, petitioner exercised her right under Social Services Law § 22 (1) to appeal to the Department of Health (DOH), and demanded the "fair hearing" to which she was entitled by that statute.

An applicable DOH regulation, 18 NYCRR 358-6.4 (a), says that "definitive and final administrative action must be taken promptly, but in no event more than 90 days from the date of the request for a fair hearing." That regulation was not complied with in this case. The fair hearing was not held until September 13, 2007, 91 days after the fair hearing demand, and DOH's "Decision After Fair Hearing" was not issued until the 190th day, December 21, 2007.

When the decision came, it was favorable to petitioner. A representative of the Commissioner of Health decided that assets

subject to a trust agreement entered into by petitioner should not count against her for Medicaid eligibility purposes, and that she was entitled to receive benefits. DSS asked the Commissioner to review that decision, as DOH regulations permit (18 NYCRR 358-6.6 [a] [1]). On April 4, 2008, the 295th day after the request for a fair hearing, a designee of the Commissioner issued an "Amended Decision After Fair Hearing" upholding DSS's position and denying petitioner benefits.

Petitioner brought this CPLR article 78 proceeding to annul the Commissioner's amended decision and reinstate the original one. Petitioner does not claim that the original decision was correct, or the amended one wrong. Her argument is that the Commissioner's violation of the time limit imposed by the DOH regulation renders the amended decision invalid.

Supreme Court granted the petition. The Appellate Division, with two Justices dissenting, reversed (*Matter of Dickinson v Daines*, 68 AD3d 1646 [4th Dept 2009]). Petitioner appeals to us as of right, pursuant to CPLR 5601 (a), and we now affirm.

## II

The opinions in the courts below, and the parties' briefs, debate whether the 90-day limit contained in 18 NYCRR 358-6.4 (a) is "mandatory" or only "directory"—words that have often been used, by our Court and others, in characterizing time limits and other provisions of law relating to the conduct of government business. In this case, the simple choice between "mandatory" and "directory" does not adequately describe all possible ways of applying the regulation. We agree with the Appellate Division majority, however, that the DOH regulation at issue was not "mandatory" as we have used the term, and that its violation does not warrant nullifying the Commissioner's amended decision.

In *Matter of Grossman v Rankin* (43 NY2d 493 [1977]), we considered a statute requiring the Civil Service Commission to decide within four months of the occurrence of a vacancy whether the vacant position had been properly classified as exempt. We held the time limit to be "merely directory" (*id.* at 501). While we said that the Commission "should seek to comply in a timely fashion" with the statute's "guidelines," we also said: "The courts have repeatedly held that unless the language used by the Legislature shows that the designation of time was intended as a limitation on the power of the body or officer, the provision is directory rather than mandatory" (*id.*).

In *Matter of King v Carey* (57 NY2d 505, 512-513 [1982]), by contrast, we rejected an argument that a 90-day time limit was "merely directory." We recognized the rule that

"prescriptions in regard to the time, form and mode of proceeding by public functionaries are generally directory, as they are not of the essence of the thing to be done, but are given simply with a view to secure system, uniformity and dispatch in the conduct of public business" (*id.* [internal quotation marks omitted]).

We concluded, however, that the Legislature that enacted the time limit at issue in *King* "considered time of the essence" (*id.* at 514). There can be no doubt that *King* involved an exception to the general rule. As we said in *Matter of Syquia v Board of Educ. of Harpursville Cent. School Dist.* (80 NY2d 531, 535 [1992]):

"A rule that rendered every administrative decision void unless it was determined in strict literal compliance with statutory procedure would not only be impractical but would also fail to recognize the degree to which broader public concerns, not merely the interests of the parties, are affected by administrative proceedings."

*Grossman, King* and *Syquia* are all different from the present case in an important way: the requirements at issue in those cases were imposed by statutes, but here petitioner is relying on a DOH regulation. When the regulation was first adopted, it may have been necessary to comply with federal law; before 2002, federal Medicaid regulations imposed an unqualified time limit on decisions made after fair hearings (*see* former 42 CFR 431.244 [f], at 44 Fed Reg 17926, 17933 [Mar. 23, 1979]). The federal regulation, however, was relaxed in 2002, and now says that a state agency "must take final administrative action . . . *[o]rdinarily*, within 90 days" (42 CFR 431.244 [f] [1] [emphasis added]). The state regulation does not say "ordinarily." Its unqualified 90-day limit is one that DOH imposes on itself.

The parties have cited no case, and we know of none, in which a time limit or other procedural requirement imposed on an administrative agency by its own regulation was held to be mandatory. It would certainly be unusual, if not impossible, for an administrative agency so to deprive itself of power that the Legislature conferred upon it. Indeed, petitioner here is not

really arguing that the time limit is "mandatory" in the sense that, to use our words in *Syquia*, it renders "every administrative decision void" that is not made within 90 days. If that were true, petitioner would lose the case, because the Commissioner's original decision after the fair hearing—the decision in petitioner's favor—was rendered after 90 days had expired. In any event, to take the time limit as a jurisdictional barrier to action would make no sense. It would allow the Commissioner, merely by delaying his decision more than 90 days, to nullify the right of applicants for Medicaid to fair hearings.

The real question here is not whether the regulation is "mandatory" in the sense of depriving the agency of power to act when it is violated, but what the consequences of a violation are. Petitioner, perhaps wary of seeking too broad a holding, has not suggested a rule that would answer this question. A theoretically possible rule is that, when a decision after a fair hearing is not timely issued, the party requesting the fair hearing (i.e., the party seeking benefits) wins automatically (*cf. Persico v Maher*, 191 Conn 384, 407, 465 A2d 308, 320 [1983]). But that rule would be draconian, potentially very expensive for the State and unfair to agencies, like DSS here, that would suffer the consequences of delays that were not their fault. It seems unlikely that the Legislature has even empowered the Commissioner to impose such severe consequences as the result of bureaucratic delays; but assuming that he has that power, we see no sign that the Commissioner intended, by adopting the regulatory 90-day time limit, to exercise it.

Another theoretically possible rule would be that, where the 90-day time limit is violated, reconsideration of a decision favorable to the applicant is barred. But this rule, though less drastic than the applicant-always-wins rule, has little to recommend it. DOH regulations provide that the Commissioner "may review an issued fair hearing decision for purposes of correcting any error found in such decision" (18 NYCRR 358-6.6 [a] [1]), and impose no time limit on the review. To prohibit review where the original decision was late would be an arbitrary restriction, without support in any statutory or regulatory text, that would needlessly prevent the Commissioner from correcting errors by his subordinates.

We thus reject any view of the 90-day time limit that would render invalid the action taken by the Commissioner here. In doing so, we do not necessarily hold that the time limit is "merely directory" in the sense described by *Grossman v*

*Rankin*—a guideline with which DOH "should seek to comply" (43 NY2d at 501). DOH does not argue that violations of the time limit have no consequences at all. On the contrary, it acknowledges that the time limit may be enforced by a lawsuit to compel the issuance of a decision (*see Matter of Cisco v Lavine*, 72 Misc 2d 1087 [Sup Ct, Nassau County 1973]). The Commissioner also points out that the federal government may cut off the State's Medicaid funds if the state program is not administered in accordance with federal requirements (42 USC § 1396c). And finally, the Commissioner acknowledges that, as we said in *Syquia*, a petitioner may obtain relief even under a merely directory procedural requirement if she shows "that substantial prejudice resulted from the noncompliance" (80 NY2d at 535). This petitioner has shown no such prejudice. On the contrary, as the case reaches us, she has effectively conceded that she is not, and never was, entitled to receive Medicaid benefits.

Accordingly, the order of the Appellate Division should be affirmed, without costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order affirmed, without costs.