■ In the Matter of ANTWAUN MEYERS, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [926 NYS2d 214]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was observed by a correction officer drinking out of a 32-ounce orange juice container and sharing it with another inmate. When the empty container was retrieved from the

garbage, a sergeant determined that it had been filled with an intoxicating beverage. As a result, petitioner was charged in a misbehavior report with possessing alcohol and possessing contraband. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.

Initially, respondent concedes that the Hearing Officer improperly denied petitioner's request for a medical witness who could provide testimony relevant to the charge of possessing alcohol and, therefore, that part of the determination finding him guilty of this charge should be annulled. Upon reviewing the record, we agree that petitioner's request should not have been denied and we annul the determination to that extent. However, as a loss of good time was not imposed, the matter need not be remitted to respondent for a redetermination of the penalty (*see Matter of Michaelides v Goord*, 300 AD2d 718, 719 [2002]).

Turning to the charge of possessing contraband, petitioner admitted to possessing a 32-ounce container of orange juice and a correction officer testified that such containers were not available for sale at the prison commissary. In view of this, and given that possession of such a container was not authorized, substantial evidence supports that part of the determination finding petitioner guilty of possessing contraband (*see Matter of Nelson v Goord*, 10 AD3d 773, 774 [2004]; *Matter of Tyler v Goord*, 278 AD2d 719, 720 [2000]). Petitioner claims that the Hearing Officer was biased because she had also conducted the hearing involving the inmate with whom petitioner shared the container of orange juice. We find no merit to this claim, as the Hearing Officer only relied upon the proof presented at petitioner's hearing (*see Matter of Williams v Dubray*, 57 AD3d 1185, 1185-1186 [2008]; *Matter of Serrano v Goord*, 266 AD2d 661, 662 [1999], *lv denied* 94 NY2d 762 [2000]).

Spain, J.P., Rose, Kavanagh, Garry and Egan Jr., JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of possessing alcohol; petition granted to that extent and respondent is directed to expunge all references thereto from petitioner's institutional record; and, as so modified, confirmed.