During the course of an investigation of a drug operation that included monitoring petitioner’s telephone calls, officials determined that petitioner was conspiring to bring drugs into the facility. As a result, petitioner was charged in a misbehavior report with drug possession, smuggling, making third-party calls, violating telephone program guidelines and exchanging personal identification numbers with another inmate. Following a tier III disciplinary hearing, he was found guilty of the charges and the determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.*
We reject petitioner’s contention that he was prejudiced by the fact that the recorded telephone conversations were not transcribed in the record. He was not denied the right to respond to the evidence, as the hearing transcript reveals that he was given an opportunity to listen to the recordings during the hearing. In addition, inasmuch as the recordings are part of the record, the exclusion of a transcript does not preclude meaningful review of the matter (see generally Matter of Prout v Goord, 27 AD3d 812, 813 [2006]).
*979 We also reject petitioner’s claim that a meaningful effort was not made to locate a civilian witness that he had requested. The record reflects that the Hearing Officer adjourned the hearing and unsuccessfully attempted to contact the witness, and petitioner did not know where she lived or how to reach her. In our view, the Hearing Officer made reasonable and substantial efforts to contact the witness (see Matter of Smythe v Fischer, 101 AD3d 1280, 1281 [2012], lv denied 20 NY3d 861 [2013]; Matter of Wright v Bezio, 64 AD3d 1109, 1110 [2009]). Further, the fact that the Hearing Officer presided over other hearings involving the same drug investigation does not establish bias, inasmuch as the record reflects that the Hearing Officer relied only on proof presented at petitioner’s hearing in making the determination (see Matter of Meyers v Fischer, 85 AD3d 1480, 1481 [2011]). Finally, contrary to petitioner’s contention, the detailed nature of the confidential information permitted the Hearing Officer to independently assess its reliability and credibility (see Matter of Flanders v Fischer, 105 AD3d 1238, 1239 [2013]; Matter of Torres v Fischer, 101 AD3d 1281, 1282 [2012]).
Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

 We note that although petitioner raised the issue of substantial evidence in his petition and the matter was properly transferred to this Court, he has abandoned such argument by failing to raise it in his brief (see Matter of Blocker v Fischer, 100 AD3d 1118, 1118 n [2012], lv denied 21 NY3d 857 [2013]).