*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    August 7, 2014              517397
_____

In the Matter of REGINALD
    McFADDEN,
                        Petitioner,

        v                                    MEMORANDUM AND JUDGMENT

ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:   June 6, 2014

Before:   Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____

        Reginald McFadden, Attica, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Peter H. Schiff of counsel), for respondent.

_____

Devine, J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which found petitioner guilty of violating certain prison disciplinary rules.

        After being escorted to a hospital outside of his correctional facility, petitioner brandished a make-shift handgun he had made out of various materials and aimed it at three correction officers.  The officers were able to subdue him, and petitioner was then taken for further medical attention, where the examining physician noted that petitioner had something

hidden in his sock.  A search revealed an envelope that contained, among other things, a partial map of Pennsylvania and several names and phone numbers, as well as a piece of styrofoam. Based upon these events, a search was conducted of petitioner's cell, which uncovered, among other things, a frame for a prop gun made out of styrofoam, handmade bullets made out of aluminum foil and a toothbrush sharpened to a point at one end.  As a result of the foregoing, petitioner was charged in three misbehavior reports with attempting to escape, violent conduct, creating a disturbance, assault, possessing a weapon (two counts), making threats, possessing escape paraphernalia (two counts), possessing an altered item and possessing contraband.  Following a tier III disciplinary hearing covering all of the reports, petitioner was found guilty as charged.  The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm.  Substantial evidence, consisting of the misbehavior reports, related documentation and the hearing testimony, supports the determination of guilt (see Matter of Curry v Fischer, 113 AD3d 981, 982 [2014]; Matter of Oliver v Fischer, 107 AD3d 1268, 1268-1269 [2013]).  Although the correction officer who actually placed the prop gun in the facility evidence drop box failed to write his name on the contraband log sheet (see Dept of Corr & Community Supervision Directive No. 4910A [IV]), hearing testimony and a "to/from" report establish that the evidence was properly secured, and the defect on the log sheet does not require annulment of the determination (see Matter of Chapman v Goord, 49 AD3d 944, 945 [2008]; Matter of Cole v Goord, 47 AD3d 1147, 1147 [2008]).

Turning to petitioner's procedural challenges, "there is no indication that the transcript of the hearing was deliberately altered or that significant portions are missing such as to preclude meaningful review" (Matter of Costello v Smith, 26 AD3d 566, 567 [2006]; accord Matter of Gaston v Fischer, 109 AD3d 1063, 1064 [2013]).  Further, we reject his contention that he was not provided reasonable accommodations.  Petitioner, who is visually impaired and has a hearing disability, was provided with eyeglasses and hearing aids, and the record demonstrates that he understood the charges against him and knowledgeably participated

in the proceedings (see Matter of Medina v New York State Dept. of Corr. Servs., 104 AD3d 976, 977 [2013], lv denied 21 NY3d 859 [2013]).  We also find no merit in petitioner's contention that the hearing was not timely completed, as the record reflects that proper extensions were obtained, including extensions to accommodate petitioner's disability, and that the hearing began and ended within the authorized time frame (see Matter of Pooler v Fischer, 107 AD3d 1256, 1257 [2013], lv denied 22 NY3d 855 [2013]; Matter of McNeil v Fischer, 95 AD3d 1520, 1521 [2012]). Finally, our review of the record reveals no indication that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Guillory v Fischer, 110 AD3d 1426, 1427 [2013], appeal dismissed 22 NY3d 1111 [2014]). Petitioner's numerous remaining claims have been considered and found to be without merit.

Lahtinen, J.P., Stein, Egan Jr. and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court