*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: October 29, 2015                521225
_____

In the Matter of STEVEN SILEO,
                    Respondent,

        v
                                        MEMORANDUM AND ORDER
ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Appellant.
_____

Calendar Date:  September 22, 2015

Before:  McCarthy, J.P., Garry, Rose and Lynch, JJ.

                    _____

        Eric T. Schneiderman, Attorney General, Albany (Martin A.
Hotvet of counsel), for appellant.

                    _____

        Appeal from a judgment of the Supreme Court (McNally Jr.,
J.), entered July 17, 2014 in Albany County, which granted
petitioner's application, in a proceeding pursuant to CPLR
article 78, to annul a determination of respondent findng
petitioner guilty of violating certain prison disciplinary rules.

        During a search of petitioner's cell, a correction officer
found a piece of mirror and a pen shaft that had been fashioned
into makeshift weapons, as well as a television set inscribed
with another inmate's identification number.  As a result,
petitioner was charged in a misbehavior report with possessing a
weapon and possessing contraband.  During the tier III
disciplinary hearing that followed, petitioner requested the
inmate who allegedly reported that the television set had been
stolen from him to testify at the hearing.  The Hearing Officer
denied the inmate's testimony.  At the conclusion of the hearing,
petitioner was found guilty of the charges and the determination

was later affirmed on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding challenging the determination on the ground that, among others, the Hearing Officer improperly denied him the right to call the inmate as a witness. Following service of respondent's answer, Supreme Court concluded that petitioner's constitutional right to call witnesses had, in fact, been violated. Accordingly, the court granted the petition, annulled the entire determination and directed that all references to it be expunged from petitioner's institutional record. Respondent now appeals.

Initially, the testimony of the inmate who was denied as a witness related solely to the contraband charge, which was based upon petitioner's possession of the television set and had nothing to do with his possession of the two weapons. Thus, even if petitioner was improperly denied a witness, that portion of the determination finding him guilty of possessing a weapon should not have been annulled on this basis. Moreover, although the witness denial impacted only the contraband charge, the record reveals that the inmate's testimony was neither material nor relevant because petitioner's guilt was not dependent upon that inmate's ownership of the television set (see Matter of Thompson v Fischer, 89 AD3d 1353, 1354 [2011], lv denied 18 NY3d 809 [2012]; see also Matter of Covington v Smith, 75 AD3d 708, 708 [2010]). Rather, the rule at issue states, in relevant part, that "an inmate shall not possess any item unless it has been specifically authorized by the superintendent or designee, the rules of the department or the local rules of the facility" (7 NYCRR 270.2 [B] [14] [xiii]). Here, the evidence in the record establishes that petitioner possessed a television set that he was not authorized to have (see Matter of Meyers v Fischer, 85 AD3d 1480, 1481 [2011]). In view of this, we find that there was no violation of petitioner's regulatory or constitutional right to call witnesses. Therefore, Supreme Court's judgment must be reversed and the determination upheld.

McCarthy, J.P., Garry, Rose and Lynch, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, determination confirmed and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court