Peters, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
Ordered that the decision is affirmed, without costs.

 In the Matter of ANDREW TENNEY, Respondent, v AN-THONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Appellant. [66 NYS3d 724]—

Lynch, J. Appeal from a judgment of the Supreme Court (Mott, J.), entered August 23, 2016 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was removed from his special housing unit cell in order for correction officers to conduct a suspicious search. That search led to the discovery of a sharp metal object taped within the interior of a radio found in the cell. Petitioner was thereafter charged in a misbehavior report with possessing a weapon, tampering with electricity and tampering with property. After a tier III disciplinary hearing, petitioner was found guilty of possessing a weapon and tampering with property. On administrative review, the determination was upheld and the penalty reduced. After petitioner commenced this CPLR article 78 proceeding, Supreme Court granted petitioner's application to annul the determination after it found a violation of Department of Corrections and Community Supervision former Directive No. 4910 (V) (C) (2).* Respondent appeals.

We agree with respondent that the violation of former Directive No. 4910 (V) (C) (2) did not entitle petitioner to the annulment of the determination of guilt. Former Directive No. 4910 (V) (C) (2) provided that "[t]he search of a [s]pecial [h]ousing [u]nit cell shall be conducted with the inmate removed from the cell for the duration of the search. The inmate shall be placed in a vacant cell and not allowed to carry anything. If a vacant cell is not available, the inmate is to be taken to the far end of the tier and held for the duration of the search." It is uncontested that, here, petitioner was placed in a recreation area—and not in a vacant cell or at the far end of the tier—while his cell was searched.

---

\* As a result of revisions in November 2017, former Directive No. 4910 (V) (C) (2) is now Directive No. 4910 (V) (D) (2) and provides that, where a vacant cell is not available, an "inmate is to be taken to a secure area and held for the duration of the search."

Although the placement of petitioner in the recreation area violated former Directive No. 4910 (V) (C) (2), we reject petitioner's contention that the proper remedy is annulment. Not all administrative violations invalidate agency actions, and the proper remedy for an administrative violation must take into account the purpose of the regulation that was violated (*see Matter of Dickinson v Daines*, 15 NY3d 571, 576-577 [2010]; *see e.g. Matter of McFadden v Prack*, 120 AD3d 853, 854 [2014], *lv dismissed* 24 NY3d 930 [2014], *lv denied* 24 NY3d 908 [2014]; *Matter of Chapman v Goord*, 49 AD3d 944, 945 [2008]). Here, a plain reading of former Directive No. 4910 (V) (C) (2) establishes that the provision is intended to promote institutional safety rather than to protect an inmate's interests in regard to the search of his or her cell. Accordingly, we perceive no reason that petitioner would automatically be entitled to suppression of any evidence recovered from a search due to a violation of a directive that was not intended to protect his rights in regard to that search. Moreover, petitioner does not allege that his placement in the recreation area somehow prejudiced him (*see Matter of Dickinson v Daines*, 15 NY3d at 577). Accordingly, we reverse Supreme Court's judgment.

Peters, P.J., Egan Jr., Clark and Rumsey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.