Matter of Clark v Venettozzi (2020 NY Slip Op 00472)





Matter of Clark v Venettozzi


2020 NY Slip Op 00472


Decided on January 23, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 23, 2020

529689

[*1]In the Matter of Jahmel Clark, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: January 3, 2020

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jahmel Clark, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
During a routine cell search, a bucket was found in petitioner's cell with bags containing approximately two gallons of fermenting liquid determined to be homemade alcohol. As a result, petitioner was charged in a misbehavior report with possessing alcohol. Following a tier III disciplinary hearing, petitioner was found guilty of the charge, and that determination was upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, documentary evidence and hearing testimony provide substantial evidence to support the determination (see Matter of Faulks v Fischer, 126 AD3d 1197, 1198 [2015]; Matter of Hernandez v Selsky, 62 AD3d 1177, 1178 [2009]; cf. Matter of Burt v Annucci, 131 AD3d 751, 752 [2015]). A correction sergeant who examined the liquid in the bucket testified that, based upon experience, it was fermenting and was intended to be alcohol, the same conclusion reached by the correction officer who found the bucket. Moreover, "no scientific testing of the substance was required inasmuch as the nature of alcoholic beverages is a matter of common knowledge" (Matter of Faulks v Fischer, 126 AD3d at 1198 [internal quotation marks and citation omitted]).
We are not persuaded by petitioner's contentions, premised upon Department of Corrections and Community Supervision Directive No. 4910A, that his right to present and respond to evidence was prejudiced. At the time of this hearing, that directive provided, with regard to the handling of contraband alcohol, that "[o]nce a Sergeant or higher ranking supervisor has evaluated any suspected alcohol or alcohol producing substance and has prepared or caused to be prepared the necessary documentation to support a misbehavior report, the alcohol or substance can be destroyed"[FN1] (Department of Corrections and Community Supervision Directive [former] No. 4910A [V] [C] [3] [Mar. 2016]). As the sergeant evaluated the substance and documented that it was alcohol, it was permissible to thereafter dispose of it. While petitioner is correct that contraband evidence generally must be photographed (see Department of Corrections and Community Supervision Directive [former] No. 4910A [IV] [A] [2] [Mar. 2016]), the sergeant explained that no photographs were taken of the alcohol because a camera was not immediately available; when officers attempted to move the bags to photograph it, the alcohol spilled and was cleaned up and discarded. Failure to comply with a directive does not necessarily require annulment of a prison disciplinary determination (see Matter of Tenney v Annucci, 156 AD3d 1108, 1109 [2017]; Matter of McFadden v Prack, 120 AD3d 853, 854 [2014], lv dismissed 24 NY3d 930 [2014], lv denied 24 NY3d 908 [2014]; see also Matter of Dickinson v Daines, 15 NY3d 571, 576-577 [2010]). As the evidence was inadvertently lost — not intentionally destroyed — before it could be photographed, and petitioner has not demonstrated that the lack of photographs of the alcohol prejudiced his defense, he is not entitled to annulment of the determination (see Matter of Michaelides v Goord, 300 AD2d 718, 719 [2002]; cf. Matter of Clark v Fischer, 114 AD3d 1116, 1116-1117 [2014]).
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The revised version of that directive adopted in 2019, after this 2018 hearing, contains the same language (see Department of Corrections and Community Supervision Directive No. 4910A [V] [C] [3] [July 2019]).