Matter of Williams v Venettozzi (2020 NY Slip Op 07651)





Matter of Williams v Venettozzi


2020 NY Slip Op 07651


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

531020

[*1]In the Matter of Isiah Williams, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: November 19, 2020

Before: Garry, P.J., Egan Jr., Aarons and Pritzker, JJ.


Isiah Williams, Coxsackie, petitioner pro se.
Letitia James, Attorney General, Albany (Frank Brady of counsel), for respondent.



Pritzker, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Based upon confidential information contained in an anonymous note, petitioner's cell was searched and various documents and items were confiscated, including a template of a notary stamp allegedly used to alter verification of petitions, blank affidavits containing forged notary signatures and blank certificates of attendance for Alcoholics Anonymous. As a result, petitioner was charged in a misbehavior report with possessing an inmate's criminal information, possessing false information, providing unauthorized legal assistance, possessing an altered item, possessing contraband, counterfeiting, smuggling and impersonation. Following a tier III disciplinary hearing, petitioner was found not guilty of providing unauthorized legal assistance but guilty of the remaining charges. That determination was affirmed upon administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.
Contrary to petitioner's contention, the misbehavior report, testimony at the hearing, the confiscated documents and other material, related documentation and the inferences to be drawn therefrom provide substantial evidence to support the determination of guilt (see Matter of Horton v Annucci, 133 AD3d 1002, 1003 [2015]; Matter of Ifill v Fischer, 79 AD3d 1322, 1323 [2010]). Specifically, the correction officers involved in the cell search testified about the materials that were confiscated from petitioner's cell. In addition, one of the notaries, whose notary stamp appeared on the blank documents, testified that he did not provide blank copies of documents with his notary stamp affixed, affirmed that some of the signatures on the blank documents were not his and verified through reference to his log book of his notary acts that he did not sign nor was he at work on days reflected in the confiscated documents. Contrary to petitioner's contention, the Hearing Officer was not required to assess the reliability of the confidential information contained in the anonymous note that led to the search of his cell because such information was irrelevant to the determination of guilt, which was based upon the evidence discovered in his cell, including the notary templates, forged documents and blank Alcoholics Anonymous certificates (see Matter of Maisonet v Annucci, 159 AD3d 1172, 1172 [2018]; Matter of Clark v Smith, 155 AD3d 1232, 1233 [2017]). To the extent that petitioner contends that the misbehavior report was written in retaliation for previous charges that had been dismissed, an assertion that the sergeant involved in those prior charges denies, this created a credibility issue for the Hearing Officer to resolve (see Matter of Hoover v Goord, 38 AD3d 1069, 1070 [2007], [*2]lv denied 8 NY3d 816 [2007]).
Petitioner's procedural challenges are unpersuasive. Petitioner's contention that certain documents confiscated from his cell were privileged correspondence and, in violation of the Department of Corrections and Community Supervision Directive No. 4421, were inspected without proper authorization from the correctional facility superintendent is without merit. Outgoing mail is not "considered to be privileged correspondence until it has been placed in the control of the facility administration for processing" (Dept of Corr & Community Supervision Directive No. 4421 [III] [A] [1]; 7 NYCRR 721.3 [a] [1]). We also are unpersuaded by petitioner's contention that he was deprived of his right to present a defense due to the absence of an unusual incident report. The testimony at the hearing established that no unusual incident report was created because it was not required under the circumstances (see Matter of Davis v Bedard, 161 AD3d 1473, 1474 [2018]; Matter of Knight v McGinnis, 14 AD3d 984, 984 [2005]). Further, petitioner contends that officials violated the Department of Corrections and Community Supervision directive requiring that the confiscated items be photographed and properly recorded. Even if the confiscated material should have been photographed, such violation was harmless inasmuch as the items were logged on the contraband receipt form or, as in the case of the notary template, in the log book before being properly secured (see Matter of Motzer v Goord, 273 AD2d 559-560 [2000]; Matter of Roman v Selsky, 270 AD2d 519, 520 [2000]). In any event, despite petitioner's contention to the contrary, he has failed to demonstrate any prejudice to his defense as a result (see Matter of Clark v Venettozzi, 179 AD3d 1376, 1378 [2020]; Matter of Medina v Fischer, 137 AD3d 1584, 1585 [2016]; Matter of Michaelides v Goord 300 AD2d 718, 719 [2002]). Petitioner's remaining contentions, including that the Hearing Officer amended the misbehavior report, precluded him from presenting a defense and was biased, have been reviewed and found to be without merit.
Garry, P.J., Egan Jr. and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.