Matter of Wilner v New York Dept. of State, Div. of Licensing Servs. (2021 NY Slip Op 06336)





Matter of Wilner v New York Dept. of State, Div. of Licensing Servs.


2021 NY Slip Op 06336


Decided on November 16, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 16, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Moulton, Scarpulla, JJ. 


Index No. 160213/20 Appeal No. 14618 Case No. 2021-00584 

[*1]In the Matter of Jon Wilner, Petitioner,
v
New York Department of State, Division of Licensing Services, Respondent.


Peska & Associates, P.C., White Plains (Adam M. Peska of counsel), for petitioner.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondent.



Determination of respondent, dated November 23, 2020, which, after a hearing, revoked petitioner's real estate broker license, unanimously confirmed, the petition denied, and this proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Debra A. James, J.], entered February 16, 2021) dismissed, without costs.
The determinations by the Administrative Law Judge (ALJ) that petitioner "demonstrated untrustworthiness [and] incompetency to act as a real estate broker" (Real Property Law § 441-c[1]), are supported by substantial evidence in the record (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-182 [1978]). There was ample testimony and documentary evidence concerning the allegations of 19 separate complainants, as well as petitioner's own testimony, to support the findings that petitioner mismanaged funds, and engaged in deceptive and fraudulent acts. The testimony and evidence also supported the finding that petitioner breached his fiduciary duties to landlord and tenant clients by not remitting monies from the escrow account covering rent payments; not timely refunding security deposits; falsely telling clients that their money was forthcoming; commingling escrowed funds; and engaging in poor accounting practices. Additionally, petitioner admitted under oath in a criminal plea to stealing funds that did not belong to him and engaging in a scheme to defraud (see General Obligations Law § 7-103[1]; 19 NYCRR 175.1-175.3[a], [b]; see also Matter of Gold v Lomenzo, 29 NY2d 468, 477-478 [1972]).
We find no grounds to overturn the ALJ's factual findings and credibility determinations (see Matter of Riel v State of N.Y. Off. of Family & Children's Servs., 175 AD3d 1166, 1167 [1st Dept 2019]). Nor do we find the penalty of license revocation "shocking to one's sense of fairness" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 233 [1974]) given, among other things, the "numerous instances of misconduct and incompetence" (Matter of Morey v Somers Cent. School Dist., 24 AD3d 558, 559 [2d Dept 2005]), and petitioner's refusal to accept responsibility (Matter of Celestin v Novello, 43 AD3d 545, 546 [3d Dept 2007]).
We reject petitioner's contention that there was a violation of lawful procedure requiring vacatur because respondent failed to abide by the time limitations for rendering decisions set forth in its own regulations (see CPLR 7803[3]). The time limitation at issue here "is directory only, not mandatory" (Matter of Hortman v Division of Licensing Servs., 166 AD3d 1585, 1586 [4th Dept 2018], citing 19 NYCRR 400.13[a]). Indeed, petitioner has "cited no case, and we know of none, in which a time limit or other procedural requirement imposed on an administrative agency by its own regulation was held to be mandatory" (Matter of Dickinson v Daines, 15 NY3d 571, 575[*2][2010]). Moreover, the record demonstrates no violation, as petitioner consented to each continuance of the hearing (19 NYCRR 400.13[a]) and there is no language in the regulation expressly limiting the number of times an ALJ "may . . . extend the time periods" provided to render a decision (19 NYCRR 400.13[c]; see Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008]). Nor does petitioner demonstrate substantial prejudice by showing actual injury from any failure to abide by time limitations (see Matter of Dickinson, 15 NY3d at 577; Matter of Sarkisian Bros. v State Div. of Human Rights, 48 NY2d 816, 818 [1979]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2021