Matter of Ortiz v Annucci (2024 NY Slip Op 05389)

Matter of Ortiz v Annucci

2024 NY Slip Op 05389

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-24-0650
[*1]In the Matter of Jose Ortiz, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 4, 2024

Before:Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ.

Jose Ortiz, Comstock, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sing Sing Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.
Upon being ordered to search petitioner's prison cell due to a strong scent of alcohol, a correction officer ordered petitioner to step out of his cell and subject himself to a pat frisk. The ensuing search of his cell by that correction officer revealed three gallons of an orange-colored fermented liquid, which the correction officer further inspected and identified as homemade alcohol based upon his 23 years of experience dealing with contraband. As a result of the foregoing, petitioner was charged in a misbehavior report with possessing contraband and possessing an intoxicant. Following a tier II disciplinary hearing, petitioner was found guilty of possessing contraband.[FN1] After an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding.
We confirm. The misbehavior report, documentary evidence and hearing testimony provide substantial evidence to support the determination (see Matter of Clark v Venettozzi, 179 AD3d 1376, 1377 [3d Dept 2020]; Matter of Faulks v Fischer, 126 AD3d 1197, 1198 [3d Dept 2015]; cf. Matter of Meyers v Fischer, 85 AD3d 1480, 1481 [3d Dept 2011]). Contrary to petitioner's claim, "no scientific testing of the substance was required inasmuch as the nature of alcoholic beverages is a matter of common knowledge" (Matter of Clark v Venettozzi, 179 AD3d at 1377 [internal quotation marks and citations omitted]; see Matter of Sorrentino v Fischer, 78 AD3d 1354, 1355 [3d Dept 2010]). To this point, the correction officer who discovered the liquid in petitioner's cell testified that, based upon his years of experience in identifying alcohol from its appearance and smell, it was unnecessary to test the liquid for alcohol. Petitioner's exculpatory claim that the liquid discovered in his cell was dirty laundry water presented a credibility issue for the Hearing Officer to resolve (see Matter of Sorrentino v Fischer, 78 AD3d at 1355; Matter of Silverstein v Bezio, 65 AD3d 1424, 1425 [3d Dept 2009]). To the extent that petitioner's remaining claims are properly before us, they have been considered and found to be unavailing.
Garry, P.J., Pritzker, Lynch, Ceresia and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: The charge of possessing an intoxicant was dismissed because the prison disciplinary rule prohibiting the possession of an intoxicant had previously been rescinded (see 7 NYCRR 270.2 [B] [14] former [iii]; see also 50 NY St Reg, Dec. 16, 2020 at 2).